# EXHIBIT 1

12-Person Jury

FILED
3/3/2020 5:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2020L002643

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DAVID SOTO, )
 )
 Plaintiff, )
 )
v. ) No.
 )
CITY OF CHICAGO, a municipal corporation, )
Chicago Police Officers DAVID SALGADO, )
Star No. 16347, ROCCO PRUGER, Star No. )
15445, BENJAMIN MARTINEZ, Star No.14519, )
RICHARD MOSTOWSKI, Star No. 12898, )
and XAVIER ELIZONDO, Star No. 1340, )
 )
 Defendants. )

## COMPLAINT

David Soto, by his attorney, Peter V. Bustamante, for his Complaint against the City of Chicago, Chicago Police Officers David Salgado, Rocco Pruger, Benjamin Martinez, Richard Mostowski and Xavier Elizondo, states:

1. This is a civil action bought under the Civil Rights Act, 42 U.S.C. § 1983, to redress violations of the Plaintiff's 4th, 5th and 14th Amendment Constitutional rights.

2. David Soto is a natural person.

3. The City of Chicago is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

4. Through its operations, the City of Chicago established and organized the Chicago Police Department.

5. David Salgado, Star No. 16347, is a natural person, employed by the City of Chicago as a police officer.

1

6. Rocco Pruger, Star No. 15445, is a natural person, employed by the City of Chicago as a police officer.

7. Benjamin Martinez, Star No. 14519, is a natural person, employed by the City of Chicago as a police officer.

8. Richard Mostowski, Star No. 12898, is a natural person, employed by the City of Chicago as a police officer.

9. Xavier Elizondo, Star No. 1340, is a natural person, employed by the City of Chicago as a police officer.

10. At all times pertinent, the aforementioned Chicago Police personnel were acting within the scope of their employment as Chicago Police Officers.

11. At all times pertinent, the aforementioned Chicago Police Officers were acting under color of state law.

12. On April 16, 2017, at approximately 12:31 a.m., Officers Pruger and Salgado chased David Soto into a residential building at 2245 South Avers.

13. Officers Pruger and Salgado forced entry into the vestibule at 2245 South Avers, as well as Apartment 1 at 2245 South Avers.

14. Officers Martinez, Mostowski and Elizondo followed into Apartment 1 at 2245 South Avers.

15. Officers Pruger, Salgado, Martinez, Mostowski and Elizondo search this apartment without a warrant.

16. Officers Salgado and Pruger claim that they found a gun in this apartment.

17. The warrantless, illegal search produced a firearm.

18. David Soto told Defendants that this gun was not his.

2

19. David Soto did not rent or live in apartment 1 at 2245 South Avers.

20. Officers Pruger, Salgado, Martinez, Mostowski and Elizondo were all well-aware that David Soto did not live at the apartment at 2245 South Avers because, at that time, they spoke with the landlord of this building who told them who the residents were.

21. Nevertheless officers Pruger, Salgado, Martinez, Mostowski and Elizondo falsely charged David Soto with four counts of Aggravated Unlawful Use of a Weapon, violation of the Firearm Owners Identification Card Act, Possession of a Stolen Firearm, two counts of Unlawful Possession of a Handgun by a Felon, and Possession of a Firearm with a Defaced Serial Number.

22. As a result of the Defendants' actions, David Soto spent time in jail and had to appear in court.

23. The criminal cases against David Soto were dismissed on March 1, 2018.

24. This matter is timely filed as February 29, 2020, and March 1, 2020 were weekend days and March 2, 2020 was a Cook County Court holiday.

25. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States, shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding for redress.

## COUNT I –WARRANTLESS ENTRY

1-25. Plaintiff, David Soto, repeats and re-alleges paragraphs 1 through 25 above, as paragraphs 1 through 25 of Count I, as though set forth verbatim herein.

26. On April 16, 2017, Officers Pruger, Salgado, Martinez, Mostowski and Elizondo entered the premises at 2245 South Avers, Apartment 1, without a warrant, without permission to enter and without the existence of exigent circumstances.

27. The Officers' warrantless entry was unreasonable and it violated David Sotos's right to be free from illegal search and seizure. (U.S. Const., Amend, IV).

28. As a direct and proximate cause of the intentional deprivation of David Soto's constitutionally protected rights, David Soto spent time in jail and suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, David Soto sustained financial loss.

**WHEREFORE,** David Soto prays in his favor and against Officers Pruger, Salgado, Martinez, Mostowski and Elizondo that he be awarded compensatory and punitive damages, reasonable attorney's fees, the cost of this action, and such other and further relief as the Court deems just.

### COUNT II – ARREST WITHOUT PROBABLE CAUSE

1-25. Plaintiff, David Soto, repeats and re-alleges paragraphs 1 through 25 above as paragraphs 1 through 25 of Count II, as though set forth verbatim herein.

26. The defendants lacked probable cause to arrest David Soto.

27. As a direct and proximate result of the intentional deprivation of David Soto's constitutionally protected rights, David Soto spent time in jail and suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, David Soto sustained financial loss.

**WHEREFORE**, David Soto prays for judgment in his favor and against Defendants Pruger, Salgado, Martinez, Mostowski and Elizondo, and that he be awarded compensatory and

4

punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT III – ILLEGAL RESTRAINT

1-25. Plaintiff, David Soto, repeats and re-alleges paragraphs 1 through 25 above as paragraphs 1 through 25 of Count III, as though set forth verbatim herein.

26. After detaining David Soto, Defendants handcuffed him, thereby physically restraining him and making it impossible for David Soto to leave.

27. Defendants had no reason to restrain David Soto.

28. Defendants' physical restraint was unnecessary and it violated David Soto's right to be free of illegal seizure. (U.S. Const., Amend IV).

29. As a direct and proximate result of the intentional deprivation of David Soto's constitutionally protected rights, David Soto spent time in jail and suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, David Soto sustained financial loss.

**WHEREFORE**, David Soto prays for judgment in his favor and against Defendants Pruger, Salgado, Martinez, Mostowski and Elizondo, and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT IV – UNLAWFUL DETENTION

1-25. Plaintiff, David Soto, repeats and re-alleges paragraphs 1 through 25 above as paragraphs 1 through 25 of Count IV, as though set forth verbatim herein.

26. The 5th and 14th Amendments of the U.S. Constitution provide that a person cannot be deprived of life, liberty, and property without due process.

5

27. Defendants violated David Soto's constitutionally protected rights when they detained him without probable cause to believe that a crime had been committed and when they arrested him on false charges.

28. As a direct and proximate result of the intentional deprivation of David Soto's constitutionally protected rights, David Soto spent time in jail and suffered injuries. As a further direct and proximate result of the Defendants' intentional misconduct, David Soto sustained financial loss.

**WHEREFORE**, David Soto prays for judgment in his favor and against Defendants Pruger, Salgado, Martinez, Mostowski and Elizondo, and that he be awarded compensatory and punitive damages, reasonable attorney's fees, the costs of this action, and such other and further relief as the Court deems just.

## COUNT V – INDEMNITY CITY OF CHICAGO

1. Plaintiff, David Soto, repeats and re-alleges the allegations contained in Counts I through IV as though set forth verbatim herein.

2. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable when those employees are acting within the scope of their employment activities.

3. Defendants, Pruger, Salgado, Martinez, Mostowski and Elizondo, were, at all times relevant, acting within the course and scope of their employment with the City of Chicago. These Chicago Police Officers acted within the course and scope of their employment in committing the misconduct described herein.

6

FILED DATE: 3/3/2020 5:03 PM 2020L002643

**WHEREFORE**, David Soto prays for judgment in his favor and against the Defendant City of Chicago, for any tort judgment for compensatory damages for which its employees are liable, the costs of this action, and such other and further relief as the Court deems just.

## JURY DEMAND

David Soto hereby demands trial by jury.

**DAVID SOTO**

*s/*   *Peter V. Bustamante*

_____

Attorney No. 70292
Peter V. Bustamante
17 North State Street
Suite 1550
Chicago, Illinois 60602
(312) 346-2072
pvbust@bustamantelaw.com