IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID SOTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 20 C 1805 |
| CITY OF CHICAGO, a municipal ) | |
| corporation, Chicago Police Officers ) | Judge Joan H. Lefkow |
| DAVID SALGADO, Star No. 16347, ) | |
| ROCCO PRUGER, Star No. 15445, ) | |
| BENJAMIN MARTINEZ, Star No. 14519, ) | |
| RICHARD MOSTOWSKI, Star No. 12898, ) | |
| and XAVIER ELIZONDO, Star No. 1340, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

David Soto has sued the City of Chicago and Chicago police officers David Salgado, Rocco Pruger, Benjamin Martinez, Richard Mostowski, and Xavier Elizondo ("the Officers") under 42 U.S.C. § 1983, alleging warrantless entry (Count I), arrest without probable cause (Count II), illegal restraint (Count III), and unlawful detention (Count IV). Soto also seeks indemnification against the City (Count V). Originally filed in state court, the case was removed by defendants to federal court pursuant to 28 U.S.C. § 1441(a). Defendants now move to dismiss Soto's complaint for failure to state a claim. (Dkt. 22.) For the reasons explained below, the motion is granted in part and denied in part.[1]

---

[1] The court has jurisdiction under 28 U.S.C. § 1331 because the action arises under the Constitution and laws of the United States and venue is proper under 28 U.S.C. § 1391 because the events and omissions giving rise to plaintiff's claims occurred in this district.

## **BACKGROUND**[2]

At half past midnight, on April 16, 2017, officers Salgado and Pruger chased Soto into a residential building located in the 2200 block of South Avers Avenue, Chicago and forced their entry into the building's vestibule and Apartment 1. Officers Martinez, Mostowski, and Elizondo followed, and the Officers searched the apartment without a warrant. During this search, Salgado and Pruger claimed to have discovered a gun. Soto, who neither rented nor lived in the apartment, informed the Officers that the gun was not his. Nonetheless, they arrested Soto, causing him to spend time in jail and appear in court.

Soto was charged with four counts of aggravated unlawful use of a weapon, violation of the Firearm Owners Identification Card Act, possession of a stolen firearm, two counts of unlawful possession of a handgun by a felon, and possession of a firearm with a defaced serial number. On April 17, 2017, Soto was released on a cash bond. He was arraigned one month later on May 16, 2017. Over the next ten months or so, Soto was subject to pretrial monitoring, during which reports were filed on June 13, 2017, July 17, 2017, August 22, 2017, September 25, 2017, October 25, 2017, December 11, 2017, and March 1, 2018. On March 1, 2018, the criminal charges against Soto were dismissed, and Soto's bond was refunded to his attorney.

Defendants move to dismiss, arguing that Counts I through IV are time-barred, and Count V is unsupported. (Dkt. 22.) In opposition to the motion, Soto argues that Counts III and IV are not time-barred because the conditions of his pretrial release seized him under the Fourth Amendment and that the court lacks the facts necessary to determine when his claim accrued for the purpose of the statute of limitations. (Dkt. 48.)

---

[2] The following facts are taken from the complaint and affidavits submitted with the motion materials. They are presumed true for purposes of this motion. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011); *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). This includes allegations made on "information and belief," where the information would be "peculiarly within another party's knowledge . . . ." *FirstMerit Bank, N.A.* v. *Ferrari*, 71 F. Supp. 3d 751, 757 (N.D. Ill. 2014). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *see also Johnson* v. *City of Shelby*, 574 U.S. 10, 135 S. Ct. 346, 346 (2014) (per curiam) ("Federal pleading rules call for a short and plain statement of the claim showing the pleader is entitled to relief; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.").

## **ANALYSIS**

**I.  Statute of Limitations**

The bar of the statute of limitations is an affirmative defense. *Chi. Bldg. Design, P.C.* v. *Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). "[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where 'the allegations of

3

the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Id.* at 613–14 (quoting *United States* v. *Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Dismissal is appropriate, however, "if the claim is 'indisputably time-barred.'" *Rosado* v. *Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (quoting *Small* v. *Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). In Illinois, § 1983 claims are subject to a two-year statute of limitations. 735 Ill. Comp. Stat. 5/13–202; *Liberty* v. *City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017).

### A. Count I: Warrantless Entry

Soto's first claim is that the Officers' entry into Apartment 1 violated his Fourth Amendment rights. In general, "a Fourth Amendment claim accrues at the time of the search or seizure." *Neita* v. *City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (citing *Wallace* v. *Kato*, 549 U.S. 384, 396, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)).

The alleged warrantless entry occurred on April 16, 2017, so Soto's claim accrued on that day. He filed his complaint on March 3, 2020. As Soto's complaint was filed nearly eleven months after the two-year statute of limitations, Count I is indisputably time-barred.

### B. Count II: Arrest without Probable Cause

Soto's next claim is that he was arrested without probable cause in violation of the Fourth Amendment. False-arrest claims, like Soto's claim under Count II, accrue "'at the time the claimant becomes detained pursuant to legal process,' meaning when the claimant is 'bound over for trial.'" *Rosado*, 832 F.3d at 716 (quoting *Wallace*, 549 U.S. at 391).

As indicated above, Soto's case was assigned to a judge and he was arraigned on May 16, 2017. His false-arrest claim accrued, therefore, on that date. Since Soto did not file his complaint until March 3, 2020, nearly ten months after the two-year statute of limitations had expired, Count II is also indisputably time-barred.

4

### C. Count III: Illegal Restraint

Soto's third claim is that his Fourth Amendment rights were violated when the officers restrained him with handcuffs without justification. For claims of unlawful restraint or unlawful detention, like Soto's Count III, accrual begins "when the detention ends." *Manuel* v. *City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018).

Soto was released on bond on April 17, 2017. Therefore, the wrong of being handcuffed without justification had concluded by the time he was released on bond. Accordingly, his accrual period for this claim began on April 17, 2017. Because Soto's complaint was not filed until March 3, 2020, Count III is likewise indisputably time-barred.

### D. Count IV: Unlawful Detention

Soto's fourth claim is that he was detained without probable cause in violation of the Fifth and Fourteenth Amendments. Like claims for unlawful restraint, claims for unlawful detention begin to accrue after "detention ends." *Manuel*, 903 F.3d 667 at 670.

Defendants argue that Soto's detention ended when he was bonded out of custody. Soto argues that he was subjected to restrictions on his liberty due to the conditions of his release and that he remained "seized" after he had bonded out of custody. Citing to exhibits attached to the defendants' motion to dismiss,[3] Soto points to pretrial monitoring and to a court appearance at which he requested permission to travel outside the jurisdiction for work as evidence that he remained "seized" after he was no longer physically detained. At the same time, Soto argues that this court "lacks sufficient information about Soto's conditions of release to determine if he

---

[3] Exhibits to a motion to dismiss that are referred to in the complaint and are central to a plaintiff's claims are to be considered on a motion to dismiss just as if the plaintiff had attached them as exhibits to her complaint. *Wright* v. *Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). When allegations in a complaint conflict with exhibits attached to a motion to dismiss that are considered, the exhibits control when they reveal facts that foreclose recovery as a matter of law. *Whirlpool Fin. Corp.* v. *GN Holdings, Inc.*, 873 F. Supp. 111, 123 (N.D. Ill. 1995), *aff'd*, 67 F.3d 605 (7th Cir. 1995).

remained seized" and that he need not plead facts to defeat an affirmative defense like the statute of limitations to survive a motion to dismiss.

"[P]retrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case." *Mitchell* v. *City of Elgin*, 912 F.3d 1012, 1015 (7th Cir. 2019) (quoting *Manuel* v. *City of Joliet*, 137 S. Ct. 911, 913, 197 L. Ed. 2d 312 (2017)) (internal quotation marks omitted). Additionally, a "pretrial release might be construed as a 'seizure' for Fourth Amendment purposes if the conditions of that release impose significant restrictions on liberty." *Id.* at 1016. When the conditions of pretrial release are uncertain, it is inappropriate to dismiss an unlawful pretrial detention claim. *See id.* at 1013, 1017 (reversing the dismissal of a claim when the conditions of release are unknown and the plaintiff "*might* have a viable Fourth Amendment claim") (emphasis in original). When that is the case, "the timeliness of the claim remains an open question[.]" *Id.* at 1017.

Defendants have provided some insight into the conditions of Soto's pretrial release, and Soto has acknowledged these facts. These insights are, however, insufficient for this court to determine when Soto's detention ended because the court cannot determine with certainty whether Soto's pretrial release "impose[d] significant restrictions on liberty." *Mitchell*, 912 F.3d at 1016. The court is, therefore, unable to determine at this time when Soto's unlawful detention claim accrued. As noted above, "a motion to dismiss based on failure to comply with the statute of limitations should be granted only where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Chi. Bldg. Design, P.C.*, 770 F.3d at 613–14 (quoting *Lewis*, 411 F.3d at 842). Those necessary facts are absent here. It would be inappropriate, therefore, to dismiss Soto's claim at this stage.

Still, defendants argue that, even if Soto's unlawful detention persisted until the criminal charges against him were dropped on March 1, 2018, his claim would be time barred. That is, since Soto filed his complaint on March 3, 2020, he was one day late. Although March 2 was a court holiday, Pulaski Day, defendants argue that it was not a *legal* holiday under Fed. R. Civ. P. 6, which allows a complaint to be filed "on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Soto suggests, however, that the Federal Rules of Civil Procedure do not apply because he filed his complaint in state court, not federal court, and in the Circuit Court of Cook County, Pulaski Day is a legal holiday.

Soto is correct. The federal rules only apply after a case is removed. *Cobb* v. *Aramark Corr. Servs.*, 937 F.3d 1037, 1040 (7th Cir. 2019). By special order, Chief Judge Timothy C. Evans designated Pulaski Day as a legal holiday in the Circuit Court of Cook County and stated that "[t]he time for filing all motions and pleadings shall be extended to the next business day" following all legal holidays. (Dkt. 48, Ex. A.)

In sum, if Soto's unlawful detention continued until the criminal charges against him were dropped, then his filing on March 3, 2020 was timely. It remains to be seen whether Soto's pretrial conditions rose to the level of a seizure that would extend his detention until the day the criminal charges against him were dropped on March 1, 2018. As that remains an open question, this claim may proceed.

## II. Count V: Indemnity Claim Against City

The City can only be responsible for damages if the Officers are liable. *See Wilson* v. *Price*, 624 F.3d 389, 395 (7th Cir. 2010). Because Soto's claim for unlawful detention survives, so must Count V.

7

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (Dkt. 22.) is granted in part and denied in part. Counts I through III are dismissed with prejudice. The motion to dismiss Counts IV and V, however, is denied.

Date: October 28, 2020

_____
U.S. District Judge Joan H. Lefkow